1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GANESH SANKAR, individually and on           No.  2:24-cv-00473-DAD-JDP
     behalf of all others similarly situated,
12
                    Plaintiff,
13
                                                  ORDER RELATING AND REASSIGNING
         v.                                       CASES, GRANTING THE PARTIES' JOINT
14                                                MOTION TO CONSOLIDATE CASES, AND
     CALIFORNIA NORTHSTATE                        DENYING AS MOOT DEFENDANT'S
15   UNIVERSITY, LLC,                             MOTION TO DISMISS

16                  Defendant.                    (Doc. Nos. 9, 15)

17
     ERIKA TITUS-LAY,                             No.  2:24-cv-01231-JAM-DB
18
                    Plaintiff,
19
         v.
20
     CALIFORNIA NORTHSTATE
21   UNIVERSITY, LLC,

22                  Defendant.

23

24        Before the court is the parties' joint stipulation requesting that the court consolidate two

25   cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:  (i) *Sankar v. California*

26   *Northstate University, LLC*, 2:24-cv-00473-DAD-JDP, which was filed on February 15, 2024 and

27   is currently pending before the undersigned ("*Sankar*"); and (ii) *Titus-Lay v. California*

28   *Northstate University, LLC*, 2:24-cv-01231-JAM-DB, which was filed on April 29, 2024 and is

1    currently pending before Senior District Judge John A. Mendez ("*Titus-Lay*").  (Doc. No. 15.)

2    Although the parties did not file their stipulation in the *Titus-Lay* action, the stipulation filed in

3    the *Sankar* action is signed by all counsel, including counsel of record for the plaintiff in the

4    *Titus-Lay* action.  (*See id.* at 4–5.)

5         As a preliminary matter, the parties did not file a notice of related cases in either action as

6    required by Local Rule 123.  Specifically, Local Rule 123(b) provides that "[c]ounsel who has

7    reason to believe that an action on file or about to be filed may be related to another action on file

8    (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on

9    all parties in each action a Notice of Related Cases."  L.R. 123(b).  Nonetheless, the parties'

10   stipulation expresses the parties' belief that the two cases are related.  (*See* Doc. No. 15 at 3)

11   ("These actions involve allegations by the same or similar parties, and allege the same or similar

12   claims, and questions of fact and law—thus, consolidation will avoid unnecessary costs and

13   duplication of proceedings.").

14        Indeed, an examination of the above-captioned actions reveals that they are related within

15   the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the

16   same district judge and magistrate judge will promote substantial efficiency and economy for the

17   court and is likely to be convenient for the parties.  The local rules of this district authorize the

18   judge with the lowest numbered case to order the reassignment of any higher numbered cases to

19   himself or herself, upon determining that this assignment is likely to effect a savings of judicial

20   effort.  L.R. 123(c).  Such good cause appearing here, the court will order that Case No. 2:24-cv-

21   01231-JAM-DB be reassigned to the undersigned and Magistrate Judge Jeremy D. Peterson.

22        Moreover, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions

23   before the court involve a common question of law or fact, the court may:  (1) join for hearing or

24   trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other

25   orders to avoid unnecessary cost or delay."  In exercising its discretion, the court "weighs the

26   saving of time and effort consolidation would produce against any inconvenience, delay, or

27   expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

28   /////

1    Here, the court finds that the above-captioned actions involve the same or similar parties,

2    claims, and questions of fact or law, and that consolidation will avoid unnecessary costs and

3    duplication of proceedings.  Thus, good cause exists to consolidate these cases.

4    Accordingly,

5        1.    The parties' joint motion to consolidate cases (Doc. No. 15) is granted;

6             a.    Plaintiffs shall file a consolidated complaint by no later than thirty (30)

7                   days after entry of this order;

8             b.    Defendant's response to the consolidated complaint shall be filed by no

9                   later than thirty (30) days after service of the consolidated complaint; and

10            c.    If defendant's response is a motion to dismiss, then plaintiffs shall file their

11                  opposition or statement of non-opposition by no later than thirty (30) days

12                  after service of that motion, and defendant's reply shall be filed within

13                  twenty-one (21) after service of plaintiffs' opposition;

14       2.    Defendant's pending motion to dismiss in the *Sankar* action (Doc. No. 9) is denied

15             as having been rendered moot by this order;

16       3.    The above-referenced cases are hereby related and consolidated for all purposes,

17             including trial, pursuant to Federal Rule of Civil Procedure 42(a);

18       4.    The Clerk of the Court is directed to reassign case 2:24-cv-01231-JAM-DB to

19             District Judge Dale A. Drozd and Magistrate Judge Jeremy D. Peterson;

20       5.    Going forward, the parties and the Clerk of the Court are directed to file

21             documents under only the lead case number.  The Clerk of the Court is directed to

22             administratively close the member case.  Future captions should indicate the lead

23             case number followed by the member case numbers as follows:

24             **Lead Case:**        **2:24-cv-00473-DAD-JDP**

25             **Member Case:**      **2:24-cv-01231-DAD-JDP**

26       6.    The Clerk of the Court is directed to file this order in each of the above-referenced

27             cases; and

28    /////

3

7.      It is further ordered that the Clerk of the Court make appropriate adjustment in the

assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

Dated:   **May 14, 2024**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4